Babette ORY, Plaintiff—Appellant,

v.

Country Joe MCDONALD, a/k/a Joe McDonald d/b/a Alkatraz Corner Music Co., Defendant—Appellee.

Babette Ory, Plaintiff—Appellant,

v.

Country Joe McDonald, a/k/a Joe McDonald d/b/a Alkatraz Corner Music Co.; Alkatraz Corner Music Co., Defendants—Appellees.

Babette Ory, Plaintiff—Appellant,

v.

Country Joe McDonald, a/k/a Joe McDonald; Alkatraz Corner Music Co., Defendants—Appellees.

Nos. 03–56586, 04–55858, 04–55730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided July 29, 2005.

As Amended on Denial of Rehearing and Rehearing En Banc Sept. 2, 2005.

**582**

Neville L Johnson, Esq., Johnson & Rishwain, Los Angeles, CA, for Plaintiff–Appellant.

Spellberg & Kornarens, Santa Monica, CA, Naomi Norwood, Esq., Mandel & Norwood, Los Angeles, CA, for Defendant–Appellee.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Babette Ory appeals the district court's order granting the defendant, Country Joe McDonald, summary judgment on Ory's claim of copyright infringement and awarding McDonald his attorneys' fees. We affirm.

### I

■ McDonald moved for summary judgment arguing that Ory's claim—that McDonald's song *Fixin' to Die a Rag* ("*Fixin*'") infringed on Ory's copyright to the song *Muskrat Ramble*—was precluded by the doctrine of laches. To prove laches,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the defendant must prove that there was a delay in bringing the action, that the delay was unreasonable, and that the alleged infringer was prejudiced by that delay. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir.2001). We review the district court's award of summary judgment on the issue of laches *de novo*. *Soules v. Kauaians for Nukolii Campaign Committee*, 849 F.2d 1176, 1180 (9th Cir.1988).

Here, all three elements of the laches defense are properly met. First, Ory's failure to bring suit until thirty years after the discovery of McDonald's alleged infringement constitutes the delay for the purposes of laches.[1] *See, e.g., Danjaq*, 263 F.3d at 952 (failure to bring claim for infringement for nineteen years constituted "delay" for laches purposes).

■ We reject Ory's argument that McDonald's 1999 recording was a new infringing activity. *See Danjaq*, 263 F.3d at 952. Ory's admission that "every version [of *Fixin'*] contains the portion that infringes" demonstrates that there is no new infringing activity. Moreover, her mere assertion that the 1999 recording is a new instance of infringement and bare allegations that the 1999 recording is "qualitatively" different are not enough to defeat summary judgment.

■ Second, the delay here was unreasonable. Ory cannot claim that the delay was reasonable because she did not obtain ownership of the copyright until 2001. As a successor in interest, Ory stands in the shoes of her predecessor; she cannot claim the right to sue where that right would have been unavailable to her predecessor/assignor. *See Silvers v. Sony PictureS Entm't, Inc.*, 402 F.3d 881, 897 (9th Cir.

2005) ("all defenses against the assignor were valid against the assignee, who stood in the shoes of the assignor") (internal quotation marks omitted).

■ Finally, McDonald has demonstrated that he was sufficiently prejudiced by Ory's failure to bring her claim in a timely fashion. The death of all three individuals who at one time or another asserted authorship of *Muskrat Ramble* constitutes evidentiary prejudice. *See, e.g., Danjaq*, 263 F.3d at 955 (death of "key figures in creation of James Bond movies" was sufficient for establishing evidentiary prejudice). Moreover, the loss of saxophone books that may have been used in creating *Muskrat Ramble* also constitutes evidentiary prejudice. *Id.* at 955–56 (absence of movie scripts and draft scripts was sufficient to establish evidentiary prejudice).

■ There is also expectation-based prejudice. McDonald's uncontradicted testimony that he invested time and money in *Fixin'* is sufficient to establish expectation-based prejudice. *Danjaq*, 263 F.3d at 956 (evidence that defendant had invested substantial money into production, development, and marketing of movie was sufficient to establish prejudice).

We reject Ory's claim that the laches defense is inapplicable because McDonald willfully infringed Ory's copyright. *Id.* at 957. McDonald's statements during his 2001 interview are insufficient to create any genuine issue of material fact as to whether he willfully infringed. The district court properly entered summary judgment.

---

1. This case is distinguishable from *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100 (9th Cir.1960), where laches did not bar an action for injunctive relief. While, in *Hampton*, the Plaintiff commenced its action less than nine months after the infringing activity occurred, Ory brought her action thirty years after McDonald's alleged infringement. *Id.* at 102.

## II

The decision to award fees is left up to the broad discretion of the trial court. *Entertainment Research Group v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1229 (9th Cir.1997). The district court's determination should be guided by, *inter alia,* several factors, including the degree of success obtained, the motivation for filing suit, and "the need, in particular circumstances, to advance considerations of compensation and deterrence." *Id.* The district court's decision to award attorney's fees under the Copyright Act, 17 U.S.C. §§ 101 *et seq.,* is reviewed for an abuse of discretion. *Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 814 (9th Cir. 2003).

We agree with the district court that McDonald "fully prevailed" in his laches defense, that the lateness of Ory's claim was unreasonable, and that the suit serves none of the purposes of the Copyright Act. We see no abuse of discretion. Ory provides no legal support for her argument that fees should not be awarded because the record does not support McDonald's motion for sanctions under Fed.R.Civ.P. 11. Ory's alternate argument, that an award of fees is unreasonable because it places her in significant financial hardship, fails because Ory did not provide the district court with the evidence it had requested, despite four extensions of time to supply the requested evidence demonstrating financial hardship.

AFFIRMED.